UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Quintin M. Littlejohn, )
 )
 )
                                  Petitioner, )      C/A No. 6:13-870-JMC-KFM
 )
vs. )      **Report and Recommendation**
 )
United States of America, )
*with all agents in active concert both individually and in* )
*their official capacity*, )
 )
                                  Respondent. )
_____

## *Background of this Case*

        Petitioner is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134–135 (4th Cir. 1977). The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton, President of the United States*, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to Petitioner's pleadings for docket control purposes.

        Petitioner was confined in the South Carolina Department of Corrections until May of 2003, when he "maxed out" his sentence for his 1982 conviction for armed robbery entered in the Court of General Sessions for Cherokee County. Petitioner currently resides in Gaffney, South Carolina.

In the "STATEMENT OF FACTS" portion of the Petition for Writ of Mandamus, Petitioner writes: (1) Petitioner wants to have the same rights as a white person; (2) Petitioner wishes to find out if the Court is in the "race" game; (3) Petitioner wants to act like a man; (4) Petitioner wishes to secure America; and (5) the Constitution is in violation of Secure America. In his prayer for relief, Petitioner expressly seeks a declaratory judgment and ten billion dollars in monetary damages.

The above-captioned case bears the docket number for a pending civil case, *Quintin Littlejohn v. United States of America*, Civil Action No. 6:13-369-JMC-KFM. The issue in Civil Action No. 6:13-369-JMC-KFM is United States foreign policy with respect to Mali. The main pleading for the above-captioned case is a petition for writ of mandamus, which was accompanied by a motion for leave to proceed *in forma pauperis*. Hence, a separate civil action number was assigned to the above-captioned matter.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to 28 U.S.C. § 1915. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the

reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Even if this case is treated as an action for mandamus relief and damages under the Federal Tort Claims Act, this case is still subject to summary dismissal. The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA, *see* 28 U.S.C. § 2675 and *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979), and there is no indication in the Petition that Petitioner has satisfied the administrative prerequisites for an action under the FTCA with respect to his request for ten billion dollars in damages. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

This Court is not authorized to issue an advisory opinion to Petitioner as to whether any federal entity is in the "race" game. *FCC v. Pacifica Found.*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."); *see also Herb v. Pitcairn*, 324 U.S. 117, 126 (1945) ("We are not permitted to render an

advisory opinion[.]");[*] and *Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007) ("Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy."). As a result, Petitioner cannot satisfy the burden of showing that his right to issuance of a writ of mandamus is "'clear and indisputable.'" *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953) (quoting *United States v. Duell*, 172 U.S. 576, 582 (1899)). Also, Petitioner is not entitled to a writ of mandamus because the actions or inactions of the various federal officials (who are not named as respondents) are discretionary. *Hall v. Champayne*, Civil Action No. 3:11-3219-CMC-PJG, 2012 WL 952874, at *4 (D.S.C. Feb. 27, 2012) (collecting cases), *adopted by* 2012 WL 952873 (D.S.C. Mar. 20, 2012), *aff'd*, 474 Fed.Appx. 393, 394 (4th Cir. July 23, 2012).

## *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. Petitioner's attention is directed to the important Notice on the next page.

April 9, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina              United States Magistrate Judge

---

[*]Other portions of the decision in *Herb v. Pitcairn* have been superannuated by later case law. *See Michigan v. Long*, 463 U.S. 1032 (1983).

4

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).